

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 23, 2015

**BY ECF AND E-MAIL**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

      Re:    **United States v. Mikhail Zemlyansky,**
               S18 12 Cr. 171 (JPO)

Dear Judge Oetken:

      The Government respectfully writes to request an *in limine* order precluding the defendant from cross examining Government witnesses on statements made by judges and Assistant United States Attorneys in other cases and proceedings. More specifically, both William Shternfeld and Igor Katsman had prior criminal cases before cooperating with the Government, during which the Government made various arguments to the Court and their respective judges also made statements during the court of their particular cases. In addition, this Court referenced the testimony of Michael Morgan in the Court's findings of fact and conclusions of law at the trial against Matthew Conroy. The defendant should be precluded from mentioning all of these topics during cross-examination of these witnesses. Moreover, because the defendant should be precluded from pursuing these lines of cross-examination, he also must be precluded from mentioning these statements and topics in his opening statement.

    **I.**    **Background**

      In December 2010, William Shternfeld was charged with securities fraud in a case before Judge Stein. *See United States* v. *Shternfeld*, 10 Cr. 31 (SHS). Shternfeld pleaded guilty to the crime and subsequently argued for a reduced sentence because of a medical condition that arose from the effects of treatment for hard palate cancer he experienced in or about 2000. During the course of two lengthy sentencing proceedings, Judge Stein heard extensive argument about the degree to which the Bureau of Prisons could properly treat a prosthetic device that Shternfeld requires in order to eat and drink. Ultimately, Judge Stein determined that the Bureau of Prisons could treat the prosthetic device and, in November 2010, sentenced Shternfeld to 63 months' imprisonment.

Hon. J. Paul Oetken
February 23, 2015
Page 2 of 4

In December 2013, and again in April 2014, Judge Stein held a Rule 35 re-sentencing for Shternfeld.  Although he expressed some skepticism about Shternfeld's motivations for cooperating, Judge Stein ultimately concluded that Shternfeld had provided substantial assistance to the Government and re-sentenced him to time served, which amounted to approximately 28 months' imprisonment.[1]

In August 2009, Igor Katsman was arrested in a case before Judge Block in the Eastern District of New York.  In late 2011, Katsman pleaded guilty to conspiracy to defraud the IRS, conspiracy to file false currency transaction reports, and aggravated identity theft.  In January 2012, Katsman was sentenced to 84 months' imprisonment.  Because the Government recommended a particular sentence to the Court, which was precluded by the plea agreement, Katsman's sentence was vacated.  His case was reassigned to Judge Johnson, who resentenced Katsman to 120 months' imprisonment, in part because he violated his bail conditions.  Katsman is currently serving that sentence.

Finally, Michael Morgan testified in the bench trial against Matthew Conroy, who was acquitted of all counts.  As part of this Court's findings of fact and conclusions of law, the Court stated, in reference to whether Conroy "knew" that the medical clinics were fraudulently incorporated: "For example, transcript at 147, Mr. Morgan testified 'he knew.'  However, this testimony was vague and conclusory, and I find it less than fully credible – not because I believe that it was intentionally false testimony, but because I believe it may have reflected various assumptions of facts and conclusions based in part on hindsight." (Tr. of Matthew Conroy Trial at 2120-2121.)

II.   Discussion

Any statements made by judges or prosecutors in prior proceedings in open court (or in court submissions) are inadmissible hearsay, subject to no applicable hearsay exception, and should therefore be denied.[2]  In addition, under Rule 403, to the extent there is any probative value (which there is not), any tenuous probative value is substantially outweighed by the undue prejudice that would result from the admission of such statements due to the outsized influence that judicial comments would have on the jury.

---

[1]   At one point during the Rule 35 proceeding, Judge Stein stated, in part, "I do find that in my past contacts with your client and through the case that he has been extremely manipulative. I even said it in open court. He was a salesman; that's how he took in these people." (Tr. of Sent dated December 5, 2013 at 60.)

[2]   Extrinsic evidence of these proceedings from the witnesses' prior cases, such as a transcript or written submission, is inadmissible under Rule 608(b).  Accordingly, the Government's motion focuses solely on whether the defendant may even question witnesses on cross-examination about statements and arguments made in prior court proceedings.

Neither Shternfeld nor Katsman have ever testified under oath in any proceeding. Nor did Judges Stein, Block, or Johnson make any finding as to their truthfulness or veracity as witnesses.[3] Accordingly, any statements they made about a defendant in their respective courtrooms should be precluded as hearsay.

With respect to the Court's statements about Michael Morgan at the trial of Matthew Conroy, the Court did not make an adverse credibility finding. In fact, the Court specifically recognized that the witness did not give "intentionally false testimony." Rather, the Court noted that, as to the narrow point as to whether Conroy "knew" that the medical clinics were fraudulently incorporated, Morgan's testimony was caused by natural assumptions based on hindsight, not false testimony. Accordingly, any reference to this statement by the Court should be precluded.

Finally, to the extent that any of the above statements by judicial officers could be deemed inadmissible – which they cannot – any strained probative value would be substantially outweighed by the substantial prejudice that results from the comments carrying the imprimatur of a judge, particularly at a trial where jurors are told that they must follow the judge's instructions. Statements by judges can carry tremendous weight to a jury and are therefore potentially inflammatory and highly prejudicial. Where, as here, there is no factual finding on the credibility of the witnesses, much less as witnesses, cross-examination should be precluded.

Similarly, any statements, either in court or in written submission, by Assistant United States Attorneys prosecuting Shternfeld and Katsman should be precluded as a subject of cross-examination because they are inadmissible hearsay for which there is no applicable exception.[4]

---

[3] The Second Circuit has addressed the issue of whether judicial credibility findings against witnesses who have previously testified under oath are admissible. *See United States* v. *White*, 692 F.3d 235, 249-51 (2d Cir. 2012) (applying seven-factor test to reverse district court's decision to preclude admission of witness's prior adverse credibility finding following testimony under oath); *United States* v. *Cedeno*, 644 F.3d 79, 82-83 (2d Cir. 2011) (finding district court's preclusion of cross-examination about adverse credibility finding of prior testimony to be harmless error); *United States* v. *Cruz*, 894 F.2d 41, 43 (2d Cir. 1990) (district court acted "within its discretion" in refusing to admit the transcript of a prior proceeding in a different court where a different judge had found the witness not credible). Here, however, neither Shternfeld nor Katsman has testified under oath, nor did any judge make a factual finding as to their credibility. Accordingly, these cases are inapposite to Shternfeld and Katsman.

[4] Statements by an attorney for the Government about a witness in the past is not admissible as a statement of a party opponent under Rule 801(d)(2)(D). In order for a Government attorney's statements to be admitted against the Government as a litigant, it must meet three criteria:

> First, the district court must be satisfied that the prior argument involves an assertion of fact inconsistent with similar assertions in a subsequent trial. Second, the court must

### III.     Conclusion

For the foregoing reasons, the Government respectfully requests that the Court preclude defense counsel from cross-examining William Shternfeld, Igor Katsman, and Michael Morgan on the above-referenced matters.  Because these topics are inappropriate areas of cross-examination, defense counsel should also be precluded from mentioning any of the above-mentioned matters in his opening statement.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:     /S/
        Daniel S. Goldman
        Daniel S. Noble
        Joshua A. Naftalis
        Assistant United States Attorneys
        (212) 637-2289/2239/2310

cc:     Ronald Fischetti, Esq.
        Phyllis Malgieri, Esq.
        (by ECF and email)

---

determine that the statements of counsel were such as to be the equivalent of testimonial statements made by the client.  Last, the district court must determine by a preponderance of the evidence that the inference that the proponent of the statements wishes to draw is a fair one and that an innocent explanation for the inconsistency does not exist.

*United States* v. *Ford*, 435 F.3d 204, 215 (2d Cir. 2006) (citing *United States* v. *Salerno*, 937 F.2d 797, 811 (2d Cir. 1991) and *United States* v. *McKeon*, 738 F.2d 26, 33 (2d Cir. 1984)) (internal quotation marks omitted).  Importantly, "Advocacy as to the credibility of witnesses does not meet at least the first two criteria." *Id.* (quoting *McKeon*, 738 F.2d at 33) (internal quotation marks omitted).  Moreover, no attorney for the Government previously questioned the credibility of either Shternfeld or Katsman.