UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────
UNITED STATES OF AMERICA

            -v-

MIKHAIL ZEMLYANSKY,
                   Defendant.
───────────────────────────────

12-CR-171-01 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Defendant Mikhail Zemlyansky is serving a 15-year sentence of imprisonment, which was imposed by this Court in January 2016. He is currently incarcerated at the Federal Correctional Institution at Fairton, New Jersey. Defendant has moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(a)(i), in light of the COVID-19 pandemic. The Government opposes the motion. The Court has reviewed the parties' filings and heard argument on Defendant's motion on June 18, 2020. (*See* Dkt. Nos. 2171, 2172, 2176.)

**I.    Legal Standard**

    "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). Under the First Step Act of 2018, a court is permitted to reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S.S.G. § 1B1.13, outlines four circumstances that constitute "extraordinary and compelling reasons" and thus justify a sentence reduction. One of those circumstances is where the defendant is "suffering from a serious physical or

1

medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The policy statement also requires that the defendant not pose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

The First Step Act allows a court to reduce a sentence in this manner "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

**II. Discussion**

On April 8, 2020, and again on April 30, 2020, Defendant submitted requests for compassionate release to the warden at FCI Fairton. Because more than 30 days have passed since the submission of those requests, Defendant has satisfied the exhaustion requirement under the First Step Act.

Defendant is a 44-year-old man who suffers from hypertension and is overweight. He argues that these conditions place him at a high risk of severe complications in the event of a COVID-19 outbreak at the prison.

This Court has previously found "extraordinary and compelling reasons" warranting release to home incarceration based on serious health risks from the COVID-19 pandemic. See *United States v. Christopher Canale*, No. 17-CR-286 (JPO), Dkt. No. 46 (S.D.N.Y. April 30, 2020). In the *Canale* case, the defendant had served two years of his three-year sentence, suffered from several high-risk medical conditions, was incarcerated at a facility that had

experienced a COVID-19 outbreak, and had already been approved for release to a halfway house by the Bureau of Prisons.  *See id.* at 3-4.

Although Defendant's hypertension and weight likely place him at somewhat higher risk from COVID-19, they are relatively common conditions and Defendant is relatively young. When the parties filed their submissions, FCI Fairton appeared to have a low incidence of coronavirus infection among inmates.  According to the latest information from the BOP, however, FCI Fairton has recently experienced an outbreak, with 97 inmates testing positive for COVID-19.  It is not clear how many, if any, of these inmates are at the Fairton camp facility, where Defendant is housed.

Despite the concerning outbreak at FCI Fairton, the Court does not find "extraordinary and compelling reasons" that warrant Defendant's release at this time.  Even if there were such reasons, the Court cannot conclude that release to home confinement now — approximately five years into a 15-year sentence — is justified based on consideration of the factors set forth in 18 U.S.C. § 3553(a).  Defendant was convicted of running a wide-ranging racketeering enterprise that engaged in insurance fraud, securities fraud, and money laundering, among other crimes. Defrauded victims of the enterprise lost millions of dollars.  For the reasons explained by this Court at sentencing, these crimes were extremely serious.  The statutory purposes of specific deterrence and protecting the public from further crime, in addition to just punishment, respect for the law, and general deterrence, require Defendant to serve a substantial part of the sentence imposed by the Court.

**III.    Conclusion**

For the foregoing reasons, Defendant Zemlyansky's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) is denied.

The Clerk of Court is directed to close the motion at Docket Number 2171.

SO ORDERED.

Dated: July 6, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4